| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF ORANGEBURG | ) | |
| | ) | |
| Kim L. Davis, | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2017-CP -38- 01201 |
| vs. | ) | |
| Universal Property and Casualty Insurance, Co., Universal Risk Advisors, Inc., Universal Adjusting Corporation, Janelle Stevens, Hercules Johnson, and The Edisto Insurance Agency, | ) | |
| Defendant(s) | ) | |

| Submitted By: Virginia W. Williams | SC Bar #: | 77898 |
|---|---|---|
| Address: Post Office Box 1084 | Telephone #: | 803-534-5218 |
| Orangeburg, South Carolina 29116 | Fax #: | 803-928-5190 |
| | Other: | |
| | E-mail: | ginny@williamsattys.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☒ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) ___ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) ___ |
| ☐ Employment (180) | | ☐ Other (399) ___ | |
| ☐ Other (199) ___ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) ___ | |
| ☐ Other (699) ___ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |

ATTEST: TRUE COPY
Winnifa B. Clark
CLERK OF COURT
ORANGEBURG COUNTY, SC

Submitting Party Signature: _____    Date: 9/12/2017

SCCA / 234 (12/2015)    Page 1 of 2

[Filing stamp: FILED FOR RECORD WINNIFA B. CLARK, CLERK OF COURT, ORANGEBURG, SC, 2017 SEP 12 PM 4:32]

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** You must comply with the Supreme Court Rules regarding ADR.
**Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIRST JUDICIAL CIRCUIT |
| COUNTY OF ORANGEBURG ) | |
| ) | |
| KIM L. DAVIS ) | 2017-CP-38-__01201__ |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | SUMMONS |
| ) | (JURY TRIAL DEMANDED) |
| Universal Property and Casualty Insurance ) | |
| Co., Universal Risk Advisors, Inc., ) | |
| Universal Adjusting Corporation, Janelle ) | |
| Stevens, Hercules Johnson and The Edisto ) | |
| Insurance Agency, ) | |
| ) | |
| Defendants ) | |

TO:   DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber at 1281 Russell Street, Orangeburg, South Carolina 29115 within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

David R. Williams
Virginia W. Williams
WILLIAMS & WILLIAMS
1281 Russell Street
Post Office Box 1084
Orangeburg, S.C. 29116-1084
Phone: (803) 534-5218
Facsimile: (803) 928-5190
williamsdr@williamsattys.com
williamsvw@williamsattys.com
ATTORNEYS FOR PLAINTIFF

September 12, 2017

Orangeburg, South Carolina

ATTEST: TRUE COPY
Winnifa B. Clark
CLERK OF COURT
ORANGEBURG COUNTY, SC

| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF ORANGEBURG | ) FIRST JUDICIAL CIRCUIT |
| KIM L. DAVIS | ) 2017-CP-38-_01201_ |
| Plaintiff, | ) |
| vs. | ) COMPLAINT |
|  | ) (JURY TRIAL DEMANDED) |
| Universal Property and Casualty Insurance Co., Universal Risk Advisors, Inc., Universal Adjusting Corporation, Janelle Stevens, Hercules Johnson and The Edisto Insurance Agency, | ) |
| Defendants | ) |

FILED FOR RECORD
WINNIFA B. CLARK
2017 SEP 12 PM 4:32
CLERK OF COURT
ORANGEBURG, SC

00 20171107 00029045 011 0043

Plaintiff, above-named, complaining of Defendants herein, would allege:

1. Plaintiff is a citizen and resident of Orangeburg County, South Carolina.

2. Defendant Universal Property and Casualty Insurance Co. (hereinafter Defendant Universal) is a corporation organized and existing under the laws of a state other than the State of South Carolina with its principal place of business in a state other than the State of South Carolina; Defendant Universal has several agents for transacting business in Orangeburg County, South Carolina.

3. Defendant Universal Risk Advisors, Inc. (hereinafter Defendant Risk) is a corporation organized and existing under the laws of a state other than the State of South Carolina with its principal place of business in a state other than the State of South Carolina. Upon information and belief, Defendant Risk is a subsidiary of, or otherwise directly connected

Page 2 of 15



ATTEST: TRUE COPY
Winnifa B Clark
CLERK OF COURT
ORANGEBURG COUNTY, SC

to, Defendant Universal and thus has several agents for transacting business in Orangeburg County, South Carolina.

4. Defendant Universal Adjusting Corporation (hereinafter Defendant Adjusting) is a corporation organized and existing under the laws of a state other than the State of South Carolina with its principal place of business in a state other than the State of South Carolina. Upon information and belief, Defendant Adjusting is a subsidiary of, or otherwise directly connected to, Defendant Universal and thus has several agents for transacting business in Orangeburg County, South Carolina.

5. Upon information and belief, Defendant Janelle Stevens (hereinafter Defendant Stevens) is a citizen and resident of the State of Florida.

6. At all times relevant herein, Defendant Stevens was an agent, servant, and/or employee of Defendants Universal, Risk, and/or Adjusting, and was acting within the scope and course of said agency, service, and/or employment thereby making said Defendants responsible for the acts and omissions of Defendant Stevens under the theory of *respondeat superior*.

7. Defendant The Edisto Insurance Agency (hereinafter Defendant Agency) is a limited liability company organized and existing under the laws of the State of South Carolina with its principal place of business in Orangeburg County, South Carolina; Defendant Agency has an office and agency for transacting business in Orangeburg County. Upon information and belief, at the time the insurance coverage at issue herein was contracted Defendant Agency had an office in Orangeburg County, State of South Carolina.

8. Upon information and belief, Defendant Hercules Johnson (Defendant Agent) is a citizen and resident of Orangeburg County, State of South Carolina.

9. At all times relevant herein, Defendants Agency and Agent were agents, servants, and/or employees of Defendants Universal, Risk, and/or Adjusting thereby making said Defendants responsible for the acts and omissions of Defendants Agent and Agency under the theory of *respondeat superior*.

10. The most substantial part of the acts and/or omissions giving rise to the causes of action stated herein occurred in Orangeburg County, South Carolina.

11. Orangeburg County is the proper venue for this action.

12. On or about March 24, 2017, Plaintiff's home located at 3131 Hill Street, Orangeburg, SC, 29118, caught fire. Plaintiff's car caught fire, and the flames spread to the home. The fire resulted in the complete destruction of the dwelling and property therein. The fire rendered the home useless to Plaintiff.

13. As a result of the fire, Plaintiff's home was determined to be a total loss.

14. At the time of this incident, Plaintiff had a homeowner's insurance policy with Defendant Universal, Policy No. 6701-1600-0508 (hereinafter Policy).

15. Plaintiff secured the Policy through the services of Defendants Agent, Agency and other Defendant Universal agents. Plaintiff initially obtained said policy in 2014 or 2015 after asking Defendant Agent for a replacement policy. Per Defendant Agent's advice, this policy indeed provided for complete coverage, including but not limited to replacement value as well as all out of pocket expenses.

16. Plaintiff particularly trusted the advice of Defendant Agent and Agency due to their longstanding business relationship, since approximately 2006, and Plaintiff's familiarity with Defendant Agent as a family friend even prior to 2006.

17. Plaintiff reported the incident to Defendant Agent at his office on the same date of the loss. Defendant Agent worked with Plaintiff in communicating with Defendants Universal, Risk, and/or Adjusting regarding the claim.

18. The Claim No. is SC17-0100147 (hereinafter Claim).

19. Upon information and belief, Defendant Stevens, on behalf of Defendants Universal, Risk, and/or Adjusting, was assigned to handle the Claim.

20. Defendants Agent and Agency participated in the valuation and adjusting process.

21. Plaintiff promptly and efficiently provided information requested by Defendant Stevens until Defendant Stevens abruptly stopped communications with Plaintiff at or about the time it became abundantly clear the home was a total loss.

22. Beginning on or about March 29, 2017, Defendant Risk issued several checks to Plaintiff Kim Davis in attempt to resolve claims under the Policy.

23. Plaintiff consistently disputed Defendants' evaluations of the Claim and never accepted the amounts offered by Defendants as full settlement of the Claim.

24. Defendants were fully aware of Plaintiff's contentions.

25. Defendants have never offered to tender, much less tendered or timely tendered, full coverages offered under the policy despite sufficient evidence to the contrary. Defendants

have separately issued checks containing release language that together may total the policy limits for coverage A but only after previous checks were returned.

26. Since the incident occurred, Plaintiff has provided Defendants with estimates, receipts, invoices, etcetera which show payments due on all coverages, promptly complying with Defendants' requests.

27. Defendant Risk, on behalf of and/or through Defendant Universal, Adjusting and/or Stevens, has offered some checks to Plaintiff, but far short of policy limits, much less sufficient to compensate for well-documented losses timely and thoroughly provided by Plaintiff to Defendants.

28. Furthermore, Defendants actions are in violation of and in complete disregard of S.C. Code Ann. §38-75-20.

29. Defendants were made fully aware of their obligations and their failure to meet such obligations through interactions with Plaintiff prior to this lawsuit, however Defendants failed to comply with either their contract of insurance with Plaintiff or the laws of this State.

30. Plaintiff has suffered property and other damages proximately caused by Defendants' actions and inactions; thus, they are entitled to compensation to restore Plaintiff to the position she was in prior to March 27, 2017.

### FOR A FIRST CAUSE OF ACTION
(Breach of Contract against Defendant Universal, Risk, and Adjusting)

31. Plaintiff re-alleges all previous allegations as if fully set forth herein.

32. As described above, Defendant Universal entered into a contract of insurance with Plaintiff for consideration paid by Plaintiff to Defendants in exchange for Defendant's issuance of a homeowner's policy to insure Plaintiff's home against the loss and damage that occurred, not to exceed the limits of the Policy. Further, Defendant Universal contracted with Plaintiff to provide the particular insurance coverage, a replacement cost policy, Plaintiff needed to protect themselves from the loss or damage of their property as described above.

33. Defendant Universal, individually or by and through the acts/inactions of Defendants Risk Adjusting, Agent, Agency, and/or its or their employees, breached this contract of insurance by failing to fairly and reasonable adjust the claim, by failing to adequately investigate the loss, by failing to timely adjust and pay the claim, by failing to consider documentation provided by Plaintiff in support of their claim, and by failing to consider all potential coverages available.

34. As a direct and proximate result of these breaches of care, Plaintiff suffered damages as set forth above.

### FOR A SECOND CAUSE OF ACTION
(Negligence against All Defendants)

35. Plaintiff re-alleges all previous allegations as if fully set forth herein.

36. Defendants owed Plaintiff a duty of care to fairly, reasonably and timely adjust, investigate and pay the claim, and to properly handle Plaintiff's claim arising out of the special relationship and confidence of trust placed on them by Plaintiff, the covenant and duty of good faith and fair dealing implied as a matter of law in contracts of insurance and arising under the law of barratry not to force Plaintiff to institute and maintain a lawsuit.

37. Defendants breached their duty of care by acting negligently, carelessly, grossly negligent, recklessly, willfully and wantonly in their investigation and handling of Plaintiff's claims in the following particulars:

   a. In depriving Plaintiff of the benefits of the Policy by acting unfairly and in bad faith;

   b. In failing to fairly adjust the claim;

   c. In willfully refusing to consider the nature, extent, and actual cause of the loss;

   d. In failing to timely and fairly investigate the claim and insurance coverage available under the Policy;

   e. In failing to act as a reasonable and prudent insurance company would have acted under the same or similar circumstances;

   f. In considering improper factors unrelated to the claim and forcing Plaintiff through the appraisal process and ultimately to commerce legal action;

   g. In using tactics to delay, increase expenses and cause Plaintiff mental, emotional and physical anguish;

   h. In failing to properly evaluate the claim given the information then available;

   i. In violating their own policies, procedures, and/or guidelines regarding the investigation and handling of such claims;

   j. In placing their own interests ahead of those of their insured; and

   k. In such further and other particulars as to be determined throughout litigation and by this Court at the trial of this matter.

38. Furthermore, Defendant Agency undertook a duty to advise Plaintiff by assuring Plaintiff that they would procure insurance that would meet and satisfy Plaintiff' needs, namely to provide Plaintiff with replacement cost coverage up to the limits of the policy. Moreover, Defendant Agency knew or should have known their advice was being requested and relied upon by Plaintiff. Additionally, Defendant Agency knew that Plaintiff had in fact reposed special trust and confidence in them with respect to their recommendation and selection of coverage for Plaintiff's needs. By assuming or undertaking the duty to advise Plaintiff and act as their fiduciary, Defendant Agency was required to exercise due care in giving advice and so acting.

39. Defendant Agency breached its duty of care and thereby acted negligently by failing to procure insurance coverage that met Plaintiff's needs as evidenced by Defendants Universal, Risk, Agent, Agency, and Adjusting's failure to pay policy limits on a total loss as due under the Policy.

40. Furthermore, under the doctrine of apparent authority, Defendants Universal, Risk, and Adjusting are bound by the acts of Defendants Agent and Agency, and the agents/employees thereof, because Defendants placed them in a position that led Plaintiff, an individual of ordinary prudence, reasonably knowledgeable with business customs, to believe that Defendants Agent and Agency had authority to represent that they could and would procure insurance to meet Plaintiff's needs. Plaintiff relied on that assumption in purchasing said insurance.

41. As a direct and proximate result of the aforementioned acts and omissions of Defendants, Plaintiff has been greatly damaged as set forth above.

### FOR A THIRD CAUSE OF ACTION
### (Bad Faith/Breach of Implied Covenant of Good Faith and Fair Dealing against Defendants Universal, Risk, and Adjusting)

42. Plaintiff re-allege all previous allegations as if fully set forth herein.

43. Defendants Universal, Risk, and Adjusting acted in bad faith and thereby breached an implied covenant of good faith and fair dealing that arose in the making of the contract of insurance by failing to fairly and reasonable adjust the claim, by failing to adequately investigate the loss, by failing to timely adjust and pay the claim, by failing to consider documentation provided by Plaintiff in support of their claim, and by failing to consider all potential coverages in play. Defendants had no reasonable basis to support any of its conduct.

44. Defendants also acted willfully and in reckless disregard of Plaintiff' rights under the insurance policy by engaging in the conduct described above.

45. As a direct and proximate result of Defendants' bad faith, breach of implied covenant of good faith and fair dealing, and willful and reckless conduct, Plaintiff has been greatly damaged as set forth above.

### FOR A FOURTH CAUSE OF ACTION
### (Negligent Misrepresentation against Defendants Agent and Agency)

46. Plaintiff re-alleges all previous allegations as if fully set forth herein.

47. Plaintiff directly informed Defendants Agent and Agency and its agents of the coverage needed on their home, including a policy that would pay full replacement cost up to the policy limits.

48. Defendants Agent and Agency, by and through its agents/employees/servants, represented to Plaintiff that the Policy procured for Plaintiff by Defendants Agent and Agency would meet Plaintiff's specific needs.

49. Defendants Agent and Agency, by and through its agents/employees/servants, owed Plaintiff a duty of care to communicate truthful and accurate information to Plaintiff.

50. Defendants Agent and Agency, by and through its agents/employees/servants, had a pecuniary interest in making the representations in that they earn money by selling Universal's policies.

51. Defendants Agent and Agency, by and through its agents/employees/servants, breached their duty by failing to exercise due care and thereby acted negligently.

52. Plaintiff justifiably relied on Defendants Agent and Agency representations.

53. As a direct and proximate result of Defendants Agent's and Agency's negligent misrepresentation, Plaintiff has suffered damages as set forth above.

### FOR A FIFTH CAUSE OF ACTION
(Promissory Estoppel Against Defendants Agent and Agency)

54. Plaintiff reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

55. As described above, Defendants Agent and Agency unambiguously warranted and promised Plaintiff that Defendant Universal would provide the requested insurance

coverage for damages caused to Plaintiff' home or that they would procure the coverage necessary to protect Plaintiff and their home.

56. Defendants Agent and Agency expected, intended and foresaw that Plaintiff would rely on this warranty or promise.

57. Plaintiff, to their extreme prejudice and detriment, did in fact reasonably rely upon said Defendants' warranty(ies) or promise(s), such that Plaintiff is entitled to recover her above-described damages that were the direct and proximate result of their reliance on Defendant Agency's warranties or promises, and to allow otherwise would be virtually to sanction the perpetration of fraud and would result in other injustice.

## FOR A SIXTH CAUSE OF ACTION
(Constructive Fraud Against Defendant Agent and Agency)

58. Plaintiff reiterates the allegations contained above as fully and completely as if repeated verbatim herein.

59. Defendants Agent and Agency, by and through its agents, owed Plaintiff duties of good faith and fair dealing inherent in every contract as well as fiduciary duties as described elsewhere in this Complaint.

60. Defendants Agent and Agency breached its duties by making deceptive, material misrepresentations of past or existing facts or remaining silent when a duty to speak existed, and advancing its own interests at the expense of the interest of Plaintiff.

61. As a direct and proximate result of the reliance of Plaintiff, Plaintiff has incurred damages as set forth above.

## FOR A SEVENTH CAUSE OF ACTION

### (Breach of Fiduciary Duties Against Defendants Agent and Agency)

62. Plaintiff reiterates the allegations contained above as fully and completely as if repeated verbatim herein.

63. Defendants Agent and Agency, by and through its agents, had and has fiduciary relationships and owed fiduciary duties and obligations to Plaintiff. Defendants Agent and Agency at all times relevant was or should have been aware of the specific expectations and insurance needs of Plaintiff, its failure to properly investigate the insurance coverage it procured and recommended for Plaintiff, its failure to properly consider Plaintiff' expectations and needs, and its failure to properly safeguard the rights and interests of Plaintiff as described above.

64. Upon information and belief, Defendants Agent and Agency, by and through its agents, purposely withheld its knowledge of the above-described from Plaintiff to the extreme detriment of Plaintiff, in that by so failing to notify Plaintiff, Defendants Agent and Agency knowingly caused Plaintiff to become responsible for the damage and destruction of their home, such that Defendants Agent and Agency breached its fiduciary duties owed to Plaintiff, including but not limited to the duty to perform the contract or promise of providing insurance coverage to Plaintiff to cover the specific needs of Plaintiff; the duty not to benefit its own interests ahead of Plaintiff' and the duty to act with due care to protect Plaintiff and its interest; all of these breaches have, and continue to proximately cause the above-described damages to Plaintiff.

### FOR AN EIGHTH CAUSE OF ACTION
### (Unfair Trade Practices against all Defendants)

65. Plaintiff reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

66. Defendants' conduct was deceptive or unfair and did in fact deceive Plaintiff.

67. Defendants' deceptive acts, including but not limited to the acts, representations, and omissions set forth above, constitute unfair and deceptive acts or practices in the conduct of commerce and trade. Defendants' conduct in this regard has been immoral, unethical, oppressive, and unscrupulous and has caused substantial injury to Plaintiff.

68. Defendants' conduct adversely impacted the public interest by unfairly and deceptively valuing an insurance claim, thereby skewing the insurance market and setting up a precedent to further devalue other claims, and is capable of repetition if not gone unchecked by the South Carolina Unfair Trade Practices Act.

69. Defendants knew or should have known that their conduct violated or would be a violation of the Act and, as such, was a willful violation of the Act.

70. As a result of the foregoing unfair or deceptive methods and practices, Plaintiff have been, and continue to, be injured.

### FOR A TENTH CAUSE OF ACTION
(Outrage)

71. Plaintiff reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

72. Defendants, by and through the acts and/or omissions of their agents, servants, and/or employees, intentionally or recklessly inflicted severe emotional distress on Plaintiff, or

Defendants were substantially certain that their actions would cause Plaintiff to suffer severe emotional distress.

73. Defendants' extreme, outrageous, and atrocious actions exceeded all possible bounds of decency and are intolerable in a civilized community.

74. As a direct and proximate result of the Defendants' extreme and outrageous conduct, Plaintiff have suffered extreme and severe emotional distress, nervousness, and anxiety and other damages as described above.

WHEREFORE, Plaintiff pray for judgment against Defendants for actual and punitive damages, attorneys' fees, for a declaratory judgment as requested above, for the costs and disbursements of this action, and for such other and further relief as this Court may deem just and proper.

David Williams
Virginia W. Williams
WILLIAMS & WILLIAMS
P.O. Box 1084
1281 Russell Street
Orangeburg, South Carolina
Phone: 803.534.5218
Facsimile: 803.928.5190
david@williamsattys.com
ginny@williamsattys.com

September 12, 2017
Orangeburg, South Carolina            ATTORNEYS FOR PLAINTIFF